Kelley Drye & Warren LLP
  Michael J. O'Connor (State Bar No. 090017)
  Ken D. Kronstadt (State Bar No. 259996)
10100 Santa Monica Boulevard
Twenty-Third Floor
Los Angeles, CA  90067-4008
Telephone:  (310) 712-6100
Facsimile:   (310) 712-6199
moconnor@kelleydrye.com
kkronstadt@kelleydrye.com

Attorneys for Plaintiff McCarthy Building
Companies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MCCARTHY BUILDING COMPANIES, INC., a Missouri Corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>ACE AMERICAN INSURANCE COMPANY, a Pennsylvania Corporation,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

LA01\KronK\547968.3

Plaintiff McCarthy Building Companies, Inc. ("McCarthy") for its complaint against Defendant ACE American Insurance Company ("ACE"), alleges as follows:

## NATURE OF THE CASE

1. This action arises from ACE's wrongful failure to honor its obligations to McCarthy, its insured under an "ACE Construction Risk Policy" issued by ACE and providing insurance coverage for, *inter alia*, the Division 13 Bus Maintenance and Operations Facility (the "Project") located at 920 North Vignes Street, Los Angeles, California, for which McCarthy was the general contractor. In March 2014, during the Policy period, the Project was damaged due to a partial collapse of a concrete deck at the Project site. McCarthy has requested that ACE confirm that its claim is covered under the policy and that ACE will reimburse McCarthy for all amounts that McCarthy has paid or will become obligated to pay arising from the property damage underlying McCarthy's claim. Despite its obligations to McCarthy, ACE unjustifiably refused to honor McCarthy's claim for the damage to the Project. By this lawsuit, McCarthy seeks the insurance coverage to which it is entitled under the Policy.

## PARTIES

2. At all times herein mentioned, McCarthy was and is a corporation duly organized and existing under the laws of the State of Missouri, authorized to conduct business in the State of California.

3. McCarthy is informed and based thereon alleges that ACE is an insurance company organized under the laws of the State of Pennsylvania, which is engaged in, among other things, the business of selling policies of insurance, including in the State of California. McCarthy is informed and based thereon alleges that ACE's principal place of business is located in Philadelphia, Pennsylvania.

/ / /

## JURISDICTION AND VENUE

4. The jurisdiction of this Court over the subject matter is predicated on 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2).

## THE POLICY

6. In April 2012, for good and valuable consideration, ACE issued a Construction Risk Policy, policy number I210643361 001 (the "Policy"), naming McCarthy as an insured. The Policy provided insurance coverage for, *inter alia*, the Project, for which McCarthy was hired by the Los Angeles County Metropolitan Transit Authority ("L.A. Metro") to act as the general contractor, for the period from July 23, 2012 to June 23, 2014 up to the total Project value at the time of loss of $73,364,803.

7. The Policy's "Insuring Agreement" insures against "direct physical Loss to property of every kind and description intended to become a permanent part of, or be consumed in, the construction, fabrication, assembly, installation, erection or alteration of the Insured Project," subject to any applicable exclusions. Among other things, the Policy requires ACE to pay McCarthy the cost to repair or replace the insured property damage with material of like kind or quality, less betterment, including contractor's profit and reasonable overhead. A true and correct copy of the Policy is attached hereto as Exhibit A, and is incorporated herein by this reference.

## UNDERLYING LOSS/DAMAGE AND TENDER

8. On or about May 14, 2012, McCarthy contracted with L.A. Metro to construct the Project.

9. The Project consisted of constructing a bus maintenance, operations, and service facility designed to accommodate a fleet of two hundred buses located

1 in downtown Los Angeles, including a maintenance building, multi-level structured
2 parking garage, and maintenance and transportation offices and support areas.

3     10. On March 28, 2014, during both the Policy period and the course of
4 scheduled construction, the Project was damaged due to a partial collapse of a
5 concrete deck at the Project site. The partial collapse of the concrete deck caused
6 direct physical damage to the concrete deck and to other portions of the Project.
7 The damage to the Project falls within the Policy's Insuring Agreement and is not
8 subject to any exclusions in the Policy.

9     11. McCarthy has duly tendered to ACE a claim for all Policy benefits due
10 McCarthy as a result of the partial collapse of the concrete deck (the "Claim").

11     12. McCarthy has further complied with all of the applicable terms and
12 conditions under the Policy and timely and properly notified ACE of the damage
13 that resulted from the events described above.

## LOSS ADJUSTMENT

15     13. In June 2014, McCarthy made demand for payment of the Claim to
16 ACE in a timely and appropriate manner, and McCarthy has timely provided ACE
17 with all supporting documents and information ACE has requested.

18     14. ACE had over a year to complete its investigation. At the time of the
19 filing of this Complaint, however, ACE still has not completed its assessment of the
20 Claim, nor has it provided a final coverage determination regarding the Claim.

21     15. During the 13-month period since McCarthy reported the loss/damage
22 to ACE, McCarthy has consistently complied with all the terms of the Policy.

23     16. Although ACE has failed to provide McCarthy with a final coverage
24 determination regarding its Claim, it has taken the position that certain cost
25 components of McCarthy's Claim related to delays in completing the Project are not
26 covered under the Policy.

27 / / /
28

17. As a result of the foregoing, ACE has refused to pay for approximately $2.6 million of McCarthy's Claim. In doing so, ACE has ignored and/or misconstrued relevant provisions of, and language contained in, the Policy, and misconstrued applicable authority relating to the Claims. In short, ACE has refused to honor its obligations under the Policy, and willfully and without justification failed to provide the contracted-for coverage.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

18. McCarthy incorporates by reference the allegations contained in Paragraphs 1 through 17, as though set forth fully herein.

19. The Policy has been in full force and effect at all relevant times, insuring McCarthy for the damage caused to the Project.

20. McCarthy timely submitted the Claim to ACE on the grounds that the cost to repair damage to the Project is covered under the Policy.

21. McCarthy has performed all conditions, terms and covenants it was required to perform under the Policy, except for those obligations which because of the breach by ACE of its obligations, it has been excused or prevented from performing.

22. The Policy obligated ACE to pay, among other things, the cost to repair or replace the insured property that was damaged with material of like kind and quality, less betterment, including contractor's reasonable profit and overhead.

23. ACE's failure to confirm coverage for the damage to the Project and to pay McCarthy's Claim for the cost to repair the damage to the Project is a material breach of its obligations under the Policy.

24. As a direct and proximate result of ACE's breach of contract, McCarthy has been damaged in an amount not less than $2.6 million, which ACE

///

has wrongfully refused to pay. McCarthy will seek leave of Court to amend this Complaint to state the actual amount of damages when known.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

25. McCarthy incorporates by reference the allegations contained in Paragraphs 1 through 24, as though set forth fully herein.

26. An actual controversy has arisen and now exists between McCarthy, on the one hand, and ACE, on the other hand, relating to their respective legal rights and obligations under the Policy.

27. McCarthy contends that, pursuant to the terms of the Policy, the entirety of its Claim for the cost to repair the damage to the Project is covered under the Policy.

28. Separate and apart from McCarthy's Claim, L.A. Metro has submitted its own claim for costs related to the delay in completing the Project, which claim McCarthy is informed and believes and based thereon alleges, is in an amount exceeding $1.1 million, which McCarthy will contractually be responsible to pay L.A. Metro if it is not paid by ACE, which amount ACE has also not agreed to pay. McCarthy further contends that, pursuant to the terms of the Policy, the entirety to L.A. Metro's claim is covered under the Policy.

29. McCarthy is informed and believes and based thereon alleges that ACE disputes the above-alleged contentions.

30. McCarthy seeks a declaration of the rights and obligations of the parties under the Policy and specifically seek an adjudication that all of the costs McCarthy has incurred and will incur to repair the damage to the Project are covered under the Policy, and that L.A. Metro's claim for costs related to the delay in completing the Project that it has incurred and will incur are covered under the Policy.

/ / /

## PRAYER FOR RELIEF

Wherefore, McCarthy prays for relief as follows:

### ON THE FIRST CAUSE OF ACTION

1. For the Court to enter judgment against ACE in an amount not less than $2.6 million, to be determined according to proof at trial, together with interest thereon at the maximum statutory rate, fees and costs incurred herein, and such other and further relief as the Court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

2. For a declaration of rights and obligations of both McCarthy and ACE under the Policy with respect to the Claim and to L.A. Metro's claim.

### ON ALL CAUSES OF ACTION

3. For all costs of suit incurred herein

4. For any and all further relief which the Court deems proper.

DATED: April 20, 2015

KELLEY DRYE & WARREN LLP
Michael J. O'Connor
Ken D. Kronstadt


By /s/ Michael J. O'Connor
    Michael J. O'Connor
Attorneys for Plaintiff McCarthy Building Companies, Inc.

## DEMAND FOR TRIAL BY JURY

McCarthy hereby demands trial by jury on all issues triable by jury.

DATED: April 20, 2015            KELLEY DRYE & WARREN LLP
                                 Michael J. O'Connor
                                 Ken D. Kronstadt


                                 By  /s/ Michael J. O'Connor
                                     Michael J. O'Connor
                                 Attorneys for Plaintiff McCarthy Building Companies, Inc.

COMPLAINT

LA01\KronK\547968.3